Jeffrey G. Maxwell, ABA #1705026
McKenzie Rothwell Barlow & Coughran, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for Plaintiffs
Alaska Carpenters Trust Funds

UNITED STATES DISTRICT COURT
DISTRICT OF ALASKA

| | |
|---|---|
| ALASKA CARPENTERS HEALTH AND WELFARE TRUST FUND; SOUTHERN ALASKA CARPENTERS RETIREMENT FUND; ALASKA CARPENTERS DEFINED CONTRIBUTION TRUST FUND; and ALASKA REGIONAL COUNCIL OF CARPENTERS APPRENTICESHIP AND TRAINING TRUST FUND,<br><br>     Plaintiffs,<br> v.<br><br>HICKEL CONSTRUCTION & ENGINEERING, INC., an Alaska corporation,<br><br>     Defendants. | Case No.<br><br>COMPLAINT FOR EQUITABLE RELIEF AND FOR MONETARY DAMAGES |

## I. PARTIES

1.1 Plaintiff Alaska Carpenters Health and Welfare Trust Fund ("Carpenters Health Trust") is a Taft-Hartley trust fund established to create and administer one or more employee welfare benefit plans for participating employees and their beneficiaries. The Carpenters Health Trust maintains its principal office in Anchorage, Alaska.

1.2 Plaintiff Southern Alaska Carpenters Retirement Fund ("Carpenters Retirement Trust") is a Taft-Hartley trust fund established to create and administer one or more employee

COMPLAINT – 1
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 1 of 8

pension benefit plans for participating employees and their beneficiaries. The Carpenters Retirement Trust maintains its principal office in Anchorage, Alaska.

1.3 Plaintiff Alaska Carpenters Defined Contribution Trust Fund ("Carpenters Defined Contribution Trust") is a Taft-Hartley trust fund established to provide an employee pension plan for the participating employees and their beneficiaries. The Carpenters Defined Contribution Trust maintains its principal office in Anchorage, Alaska.

1.4 Plaintiff Alaska Regional Council of Carpenters Apprenticeship and Training Trust Fund ("Carpenters Apprenticeship Trust") is a Taft-Hartley trust fund established to provide and maintain the training and education of apprentices and journeymen. The Carpenters Apprenticeship Trust maintains its principal office in Anchorage, Alaska.

1.5 The Plaintiffs are commonly referred to collectively as the Alaska Carpenters Trust Funds.

1.6 Defendant Hickel Construction & Engineering, Inc. ("Hickel Construction") is an Alaska corporation with its principal place of business in Anchorage, Alaska.

## II. JURISDICTION AND VENUE

2.1 This Court has exclusive jurisdiction pursuant to §502(e)(1) of the Employee Retirement Income Security Act of 1974 ("ERISA"), codified at 29 U.S.C. §1132(e)(1).

2.2 Venue in this Court is proper pursuant to §502(e)(2) ERISA, codified at 29 U.S.C. §1132(e)(2).

COMPLAINT – 2
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 2 of 8

# III. FACTS

3.1     On or about June 14, 2001, Peter J. Hickel executed a Compliance Agreement on behalf of Hickel Construction with the Alaska Regional Council of Carpenters (the "Union").[1] The Compliance Agreement incorporates by reference the terms and conditions of the collective bargaining agreement between the Associated General Contractors of Alaska Multi-employer Group and the Alaska Regional Council of Carpenters, effective October 1, 1997 (the "Master Labor Agreement"):

> Whereas the Union entered into a collective bargaining agreement with the Associated General Contractors of Alaska Multi-employer Group and the Millwright Employers Association effective October 1, 1997, and
>
> Whereas, it is the desire of the parties to adopt that agreement as their own for all work covering those employees of the employer that are employed in the State of Alaska that work within those classifications set out in the above AGC Agreement, it is agreed as follows:
>
> 1.  The parties adopt that agreement as their collective bargaining agreement.
>
> …
>
> 3.  The Employer hereby acknowledges receipt of a copy of the Collective Bargaining Agreement dated October 1, 1997 – June 30, 2001.

3.2     The Master Labor Agreement contains an evergreen clause.  The current Master Labor Agreement in effect is the *Agreement between the Associated General Contractors of Alaska, Inc. and the Pacific Northwest Regional Council of Carpenters*, effective July 1, 2017 – June 30, 2020.

3.3     By becoming party to the Master Labor Agreement, Hickel Construction agreed to report and make fringe benefit contributions to the Alaska Carpenters Trust Funds.

---

[1] The Alaska Regional Council of Carpenters has since merged into the Pacific Northwest Regional Council of Carpenters.

COMPLAINT – 3
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 3 of 8

3.4     The Alaska Carpenters Trust Funds are beneficiaries under the terms of the Compliance Agreement and the Master Labor Agreement.

3.5     By executing the Compliance Agreement, as discussed above, Hickel Construction agreed to the terms of the (i) Alaska Carpenters Health & Welfare Trust Fund; (ii) Alaska Carpenters Defined Contribution Trust; (iii) Southern Alaska Carpenters Defined Benefit Plan; and (iv) Alaska Regional Council of Carpenters Apprenticeship and Training Trust Fund.

3.6     Hickel Construction's obligations under the Carpenters Health Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Alaska Carpenters Health and Welfare Trust Fund*, dated July 14, 2006, and as amended. Under the Carpenters Health Trust, Hickel Construction agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.7     Hickel Construction's obligations under the Carpenters Retirement Trust are set forth in Article IX, Sections 1 – 9 of the *Trust Agreement Governing the Southern Alaska Carpenters Retirement Fund*, dated December 9, 1986, and as amended. Under the Carpenters Retirement Trust, Hickel Construction agreed to, among other things:

COMPLAINT – 4
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 4 of 8

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twenty percent (20%) on all delinquent contributions;

- Payment of interest of twelve percent (12%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.8 Hickel Construction's obligations under the Carpenters Defined Contribution Trust are set forth in Article II, Sections 7 – 12 of the *Trust Agreement Establishing the Alaska Carpenters Defined Contribution Trust Fund*, dated July 1, 2006, and as amended. Under the Carpenters Defined Contribution Trust, Hickel Construction agreed to, among other things:

- Submit its reports on or before the due date specified in the trust agreement or as set by the trustees, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of twelve percent (12%) on all delinquent contributions;

- Payment of interest of eighteen percent (18%) on all delinquent contributions from the due date until the date of payment; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.9 Hickel Construction's obligations under the Carpenters Apprenticeship Trust are set forth in Article II, Sections 7 – 9, and Article IV, Section 4 of the *Trust Agreement the Alaska*

COMPLAINT – 5
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 5 of 8

*Regional Council of Carpenters Apprenticeship and Training Trust*, dated April 1, 2012. Under the Carpenters Apprenticeship Trust, Hickel Construction agreed to, among other things:

- Submit its reports on or before the 15th day of the calendar month in which the contributions become payable, even if the company had no employees for that period of time;

- Comply with a request to submit any information, data, report or other documents reasonably relevant to and suitable for purposes of administration of the trust, as requested by the trust funds;

- Payment of liquidated damages of five percent (5%) on all delinquent contributions; and

- Payment of the trust fund's attorney fees, costs of collection, and auditor's fees.

3.10 Upon information and belief, following execution of the Compliance Agreement, Hickel Construction used employees to covered work subject to the Master Labor Agreement. Hickel Construction also began its monthly reporting and payment of fringe benefit contributions to the Alaska Carpenters Trust Funds.

3.11 Hickel Construction has failed to provide the Alaska Carpenters Trust Funds with monthly employer remittance reports for the period July 2019 through January 2020. Hickel Construction thus owes an unknown amount in fringe benefit contributions, liquidated damages, prejudgment interest, attorney fees, and costs of collection for that period.

3.12 As of the date of this complaint, Hickel Construction owes the Alaska Carpenters Trust Funds $9,451.96 for the period October 1, 2018 through June 30, 2019, consisting of $1,068.96 in delinquent fringe benefit contributions, $6,916.74 in liquidated damages, and $1,466.26 in accrued, prejudgment interest.

3.13 Upon information and belief, Hickel Construction's failure to properly report and pay fringe benefit contributions to the Alaska Carpenters Trust Funds is continuing.

COMPLAINT – 6
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 6 of 8

## IV. CAUSES OF ACTION

### First Cause of Action
### (Breach of Labor Agreement/Trust Agreement)

4.1    The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.13 above.

4.2    Hickel Construction's failure to properly report and pay fringe benefit contributions constitutes breaches of the terms of the Compliance Agreement and the Master Labor Agreement between the Union and Hickel Construction, to which the Alaska Carpenters Trust Funds are beneficiaries. Hickel Construction's failure to properly report and pay fringe benefit contributions constitutes breaches of the Trust Agreements, the terms of which Hickel Construction agreed to when it became signatory to the Master Labor Agreement.

4.3    As a result of Hickel Construction's breaches, the Alaska Carpenters Trust Funds have been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

### Second Cause of Action
### (Violation of ERISA)

4.4    The Alaska Carpenters Trust Funds reallege each and every allegation contained in ¶¶3.1 – 3.13 above.

4.5    Hickel Construction's failure to report and pay fringe benefit contributions constitutes a violation of §503(a)(3), §515 ERISA, codified at 29 U.S.C. §1132(a)(3), §1145.

4.6    As a result of Hickel Construction's violation, the Alaska Carpenters Trust Funds have been damaged in an amount to be proven at trial, plus ancillary charges including liquidated damages, prejudgment interest, attorney fees, and costs of collection.

COMPLAINT – 7
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction
4500 001 vb251901

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 7 of 8

## V. REQUESTED RELIEF

The Plaintiff Alaska Carpenters Trust Funds respectfully request the Court grant the following relief:

A. Entry of an injunction or other equitable relief that enjoins Hickel Construction from further breaches of the labor and trust agreements to which it is a party; specifically, entry of an order compelling Hickel Construction to promptly furnish the delinquent monthly employer remittance reports and to timely provide the reports going forward;

B. Judgment in favor of the Alaska Carpenters Trust Funds against Hickel Construction, in an amount to be determined at trial, representing past-due and delinquent fringe benefit contributions owed by Defendant pursuant to the terms of the labor and trust agreements to which Hickel Construction is a party;

C. Judgment in favor of the Alaska Carpenters Trust Funds against Hickel Construction, in an amount to be determined at trial, representing liquidated damages owed by Defendant pursuant to the terms of the labor and trust agreements to which Hickel Construction is a party;

D. Judgment in favor of the Alaska Carpenters Trust Funds against Hickel Construction, in an amount to be determined at trial, representing accrued prejudgment interest owed by Defendant pursuant to the terms of the labor and trust agreements to which Hickel Construction is a party;

E. An award of attorney fees of not less than $5,000.00, plus costs of collection, as authorized by the labor and trust agreements to which Hickel Construction is a party, and as authorized under ERISA;

F. An award of post-judgment interest at the 12% rate specified by the applicable trust agreement, and as authorized under ERISA; and

G. Any other such relief under federal law or as is just and equitable.

Dated: February 27, 2020.

s/ Jeffrey G. Maxwell
Jeffrey G. Maxwell, ABA #1705026
Barlow Coughran Morales & Josephson, P.S.
1325 Fourth Avenue, Suite 910
Seattle, Washington 98101
(206) 224-9900
jeffreym@bcmjlaw.com

Counsel for the Alaska Carpenters Trust Funds

COMPLAINT – 8
Alaska Carpenters Health & Welfare Trust Fund v. Hickel Construction

BARLOW COUGHRAN
MORALES & JOSEPHSON, P.S.
1325 FOURTH AVENUE, SUITE 910
SEATTLE, WA 98101
(206) 224-9900

4500 001 vb251901

Case 3:20-cv-00047-TMB   Document 1   Filed 02/27/20   Page 8 of 8